UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY LAMEIRAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 23-12664-RGS |
| | ) |
| DEPARTMENT OF UNEMPLOYMENT ASSISTANCE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

November 7, 2023

STEARNS, J.

For the reasons set forth below, the court will dismiss this action without prejudice.

I.    BACKGROUND

On November 3, 2023, plaintiff Mary Lameiras filed a self-prepared complaint in which she alleges that the Executive Office of Labor and Workforce Development Board of Review of the Commonwealth of Massachusetts (the "Board of Review") wrongfully denied her application for unemployment benefits.  Doc. No. 1.  Lameiras filed an Application to Proceed in District Court Without Prepayment of Fees or Costs.[1]  Doc. No. 2.

II.    DISCUSSION

A court has an obligation to inquire *sua sponte* into its own subject-matter jurisdiction. *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir.2004). Federal courts are courts of limited

---

[1] Because this court is without subject matter jurisdiction, no action will be taken on Lameiras' Application to Proceed in District Court Without Prepayment of Fees or Costs.

jurisdiction, and "[t]he existence of subject-matter jurisdiction 'is never presumed.' " *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir.2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir.1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Here, the plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction. Under Massachusetts law, a person seeking to challenge the decision of the Board of Review must file, within thirty days of the date of mailing of the Board of Review's decision, a "civil action in the district court within the judicial district in which he lives, or is or was last employed, or has his usual place of business." Mass. Gen. Laws ch. 151A, § 42. "District court," as used in this statute, refers to a state district court, not a federal district court. *See, e.g., Dowd v. Director of Div. of Employment Sec.*, 390 Mass. 767, 459 N.E.2d 471 (1984) (overturning decision of the Dorchester Division of the Massachusetts District Court Department concerning appellant's eligibility for unemployment benefits). In enacting Mass. Gen. Laws ch. 151A, § 42, the legislature of the Commonwealth of Massachusetts gave a state district court, not a federal district court, authority to hear an appeal of the Board of Review. A federal district court lacks jurisdiction over an appeal of a decision of the Board of Review.

It appears that the plaintiff simply erred in filing this action in federal district court rather than in state district court. Although the 30–day deadline for filing an appeal of the decision of the Board of Review will soon expire, Lameiras' claim should not be time-barred in state court because her claim may be saved by the Massachusetts Savings Statute, Mass. Gen. Laws ch. 260,

§ 32.[2]  That statute permits refiling, within one year, of an action that was timely brought but dismissed "for any matter of form." Here, the dismissal does not concern the substance of Lameiras' claim. Dismissing an action for want of subject-matter jurisdiction because it is brought in the wrong court is plainly "a matter of form" within the meaning of ch. 260, § 32. *Rodi v. Southern New England School of Law*, 389 F.3d 5, 18 (1st Cir.2004) citing *Ciampa v. Beverly Airport Comm'n*, 38 Mass.App.Ct. 974, 974–75, 650 N.E.2d 816 (1995). *See, e.g., Corliss v. City of Fall River*, 397 F.Supp.2d 260, 266 (D.Mass.2005) (federal district court's dismissal of action for lack of subject-matter jurisdiction was a dismissal for "a matter of form" within the meaning of ch. 260, § 32); *Loomer v. Dionne*, 338 Mass. 348, 351–52, 155 N.E.2d 411 (1959) (plaintiff incorrectly brought the personal injury action in the Superior Court instead of the District Court); *Boutiette v. Dickinson*, 54 Mass.App.Ct. 817, 768 N.E.2d 562 (2002) (plaintiff brought an action in the District Court seeking equitable relief unavailable in that forum); *Carroll v. City of Worcester*, 42 Mass.App.Ct. 628, 678 N.E.2d 1344 (1997) (plaintiff had brought an action in the District Court instead of the Superior Court, which has exclusive jurisdiction of tort actions brought against a public employer).

If Lameiras wishes to pursue her appeal of the decision of the Board of Review, she should promptly file an action in state district court. Based on the residential address the plaintiff has provided, it appears that one of the state district courts in which she may file her appeal is the Stoughton District Court.

---

[2] Chapter 260, § 32 reads in relevant part as follows: "If an action duly commenced within the time limited in this chapter is dismissed ... for any matter of form ... the plaintiff ... may commence a new action for the same cause within one year after the dismissal ... of the original action."

III.    <u>CONCLUSION</u>

In accordance with the foregoing, this action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

SO ORDERED.

 /s/ Richard G. Stearns
Richard G. Stearns
United States District Judge